UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| THOMAS WILLIAM SINCLAIR RICHEY,<br><br>                Plaintiff,<br><br>v.<br><br>D. DAHNE,<br><br>                Defendant. | CASE NO. C12-5060 BHS<br><br>ORDER REQUESTING ADDITIONAL BREIFING |

    This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable Karen L. Strombom, United States Magistrate Judge (Dkt. 15), and Plaintiff Thomas William Sinclair Richey's ("Richey") objections to the R&R (Dkt. 16).

    Richey is an inmate within the Washington Department of Corrections ("DOC"). On November 11, 2011, Richey filed an initial grievance that included the phrase "an extremely obese Hispanic female guard." Dkt. 16 at 8. On November 15, 2011, the acting grievance coordinator refused to accept the grievance, instructing Richey to rewrite the grievance and exclude the offending language. *Id*. Richey refused and filed another grievance, which was forwarded to the DOC grievance headquarters as an appeal. *Id*. at 16. The Grievance Program Manager declined to reach the merits of the appeal

1  because "request for rewriting is between the coordinator and you and can not be
2  appealed to the Grievance Program Manager." *Id*. at 18.
3       On February 6, 2012, the Court accepted Richey's civil rights complaint alleging
4  violations of his First Amendment right to redress grievances and retaliation.  Dkt. 4.  On
5  June 13, 2012, Defendant filed a motion to dismiss for failure to state a claim and argued
6  that (1) Richey failed to exhaust under the Prison Litigation Reform Act ("PLRA"), 42
7  U.S.C. § 1997e(a); (2) Richey had failed to state a claim under the First Amendment; and
8  (3) Defendant was entitled to qualified immunity.  Dkt. 12.  On August 30, 2012, Judge
9  Strombom issued the R&R recommending that the Court grant the motion based on
10 failure to exhaust, dismiss the complaint without prejudice, and count the dismissal as a
11 strike under 28 U.S.C. § 1915(g).  Dkt. 15.
12      In this case, the Court is not convinced that Defendant has shown that every
13 failure to submit a rewritten grievance is a failure to exhaust.  Defendant's motion is
14 based on the theory that Richey "failed to use all the formal steps of the grievance
15 process . . . ."  Dkt. 12 at 9–10.  It is undisputed that Richey submitted a grievance and an
16 appeal, both of which were denied based on the grievance coordinator's disagreement
17 with the content of the grievance.  The Ninth Circuit has held that the "primary purpose
18 of a grievance is to alert the prison to a problem and facilitate its resolution . . . ." *Griffin*
19 *v. Arpaio*, 557 F.3d 1117, 1121 (9th Cir. 2009).  Allowing the initial grievance
20 coordinator unreviewable discretion to request multiple rewrites of a grievance, and
21 eventually administratively withdraw the grievance due to unsatisfactory rewrites, would
22 seem to subvert the primary purpose of a grievance.

1  The Court is familiar with Richey and familiar with the "administratively
2 withdrawn" grievance.  *See Richey v. Thaut*, Cause No. C10–5755 BHS/KLS (W.D.
3 Wash.).  This seems to be a recurring issue and the case law on record is unclear on the
4 state's unfettered discretion as to the content of a grievance.  The case law is clear that
5 "inmates lack a separate constitutional entitlement to a specific prison grievance
6 procedure."  *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003).  However, Richey
7 does not appear to contest a specific procedure, but does contest the continued rejection
8 of an otherwise acceptable grievance based on the inclusion of offensive language.
9 While the Court agrees that Richey language is offensive, it's unclear whether a mere
10 insult is objectionable, as opposed to threatening language or other unprotected speech.
11 If the Court found that Richey had properly exhausted his available remedies, then it
12 appears that Defendant would be protected from monetary remedies but may not be
13 protected from injunctive remedies or an order that Defendant accept the grievance.
14  Therefore, the Court requests additional briefing on the issues set forth above for
15 the Court's consideration as well as to perfect the record for potential appellate review.
16  The Government may file a supplemental response no later than November 9,
17 2012.  Richey may file a reply no later than November 30, 2012.
18  **IT IS SO ORDERED.**
19  Dated this 25th day of October, 2012.

BENJAMIN H. SETTLE
United States District Judge