UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| THOMAS WILLIAM SINCLAIR RICHEY,<br><br>                Plaintiff,<br><br>v.<br><br>D. DAHNE,<br><br>                Defendant. | CASE NO. C12-5060 BHS<br><br>ORDER DECLINING TO ADOPT THE REPORT AND RECCOMENDATION, DISMISSING PLAINTIFF'S COMPLAINT WITH PREJUDICE, AND REVOKING *IN FORMA PAUPERIS* STATUS |

      This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable Karen L. Strombom, United States Magistrate Judge (Dkt. 15), Plaintiff Thomas William Sinclair Richey's ("Richey") objections to the R&R (Dkt. 16), the Court's request for additional briefing (Dkt. 18), the Government's additional response (Dkt. 19), and Richey's additional reply (Dkt. 19).

      Richey is an inmate within the Washington Department of Corrections ("DOC"). On November 11, 2011, Richey filed an initial grievance that included the phrase "an extremely obese Hispanic female guard." Dkt. 16 at 8. On November 15, 2011, the acting grievance coordinator refused to accept the grievance, instructing Richey to rewrite the grievance and exclude the offending language. *Id.* Richey refused and filed

ORDER - 1

another grievance, which was forwarded to the DOC grievance headquarters as an appeal. *Id*. at 16. The Grievance Program Manager declined to reach the merits of the appeal because "request for rewriting is between the coordinator and you and can not be appealed to the Grievance Program Manager." *Id*. at 18.

On February 6, 2012, the Court accepted Richey's civil rights complaint alleging violations of his First Amendment right to redress grievances and retaliation. Dkt. 4. On June 13, 2012, Defendant filed a motion to dismiss for failure to state a claim and argued that (1) Richey failed to exhaust under the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a); (2) Richey had failed to state a claim under the First Amendment; and (3) Defendant was entitled to qualified immunity. Dkt. 12. On August 30, 2012, Judge Strombom issued the R&R recommending that the Court grant the motion based on failure to exhaust, dismiss the complaint without prejudice, and count the dismissal as a strike under 28 U.S.C. § 1915(g). Dkt. 15.

On October 25, 2012, the Court requested additional briefing on the exhaustion issue. Dkt. 18. On November 9, 2012, the Government filed an additional response. Dkt. 19. On November 20, 2012, Richey filed an additional reply. Dkt. 20.

In its additional response, the Government withdraws its motion to dismiss for failure to exhaust and requests that the Court grant the motion on the ground that Richey has failed to state a claim or Defendant Dahne is entitled to qualified immunity. Dkt. 19. The Government's request, however, is based on Richey's "**failure to show** that the Defendant retaliated against him for his use of constitutionally protected speech" and that the "test for qualified immunity is an objective test requiring the Plaintiff **to prove** that a

reasonable official could not believe his actions were constitutional." Dkt. 19 at 4 (emphasis added). This is not the proper standard on a motion to dismiss.

Motions to dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under such a theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295, 1301 (9th Cir. 1983). To survive a motion to dismiss, the complaint does not require detailed factual allegations but must provide the grounds for entitlement to relief and not merely a "formulaic recitation" of the elements of a cause of action. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007). Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Id*. at 1974. When deciding a motion to dismiss, the Court's consideration is limited to the pleadings. Fed. R. Civ. P. 12(d).

Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal. *Rhodes v. Robinson*, 408 F.3d 559, 567–568 (9th Cir. 2005).

In this case, Richey has failed to allege a plausible claim for relief. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007). Specifically, Richey has failed to allege facts to show that he engaged in protected conduct or that his First Amendment rights

1 have been chilled.  Richey provides no authority for the proposition that insulting a

2 prison guard is protected conduct.  Moreover, he has failed to allege that his right to

3 redress his grievances has been chilled by the official's refusal to accept his offensive

4 grievance.  Therefore, the Court grants the Government's motion to dismiss Richey's

5 complaint.

6      In the event a court finds that dismissal is warranted, the court should grant the

7 plaintiff leave to amend unless amendment would be futile.  *Eminence Capital, LLC v.*

8 *Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).  The Court finds that any amendment

9 in this case would be futile because no amendment can cure the deficiency of pleading

10 protected conduct or the chilling of Richey's access to a grievance procedure or access to

11 the courts.

12      Therefore, the Court having considered the R&R, Richey's objections,

13 supplemental briefing, and the remaining record, does hereby find and order as follows:

14      (1)    The Court **DECLINES** to adopt the R&R;

15      (2)    The Court **GRANTS** Defendant's motion to dismiss for failure to state a

16           claim;

17      (3)    The Court **DISMISSES with prejudice** Richey's complaint; and

18      (4)    The Court **REVOKES** Richey's *in forma pauperis* status.

19      Dated this 6th day of December, 2012.

BENJAMIN H. SETTLE
United States District Judge