UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| THOMAS WILLIAM SINCLAIR RICHEY,<br><br>         Plaintiff,<br><br>    v.<br><br>D. DAHNE,<br><br>         Defendants. | CASE NO. C12-5060 BHS-KLS<br><br>ORDER DENYING MOTION TO SUPPLEMENT COMPLAINT |

    Plaintiff Thomas William Sinclair Richey filed this 42 U.S.C. § 1983 action in January 2012 for violation of his First Amendment rights by one defendant, D. Dahne. Dkt. 4. He now seeks to supplement his complaint to add two additional defendants and thirty-four claims relating to conduct that occurred at a different institution in 2015 and 2016. Dkt. 43. For the reasons set forth below, the motion will be denied.

## BACKGROUND

    Plaintiff Thomas Richey is an inmate in the custody of the Washington State Department of Corrections (DOC) and is currently incarcerated at Washington State Penitentiary (WSP). Mr. Richey filed this civil rights action under 42 U.S.C. § 1983 on January 24, 2012, while he was incarcerated at the Monroe Corrections Center (MCC). Dkt. 1. In his complaint, he alleges that Defendant Dennis Dahne, the Grievance Coordinator at the Stafford Creek Corrections

1  Center (SCCC), violated his First Amendment right to redress grievances and retaliated against
2  him for filing grievances.  Dkt. 4, at p. 5.  Mr. Richey seeks monetary damages only.  *Id.*, at 2, 4.
3         On December 6, 2012, District Court Judge Benjamin H. Settle dismissed the complaint
4  with prejudice for failure to state a claim and revoked plaintiff's *in forma pauperis status*.  Dkt.
5  21.  Specifically, the Court held that Mr. Richey had failed to allege facts to show that he
6  engaged in protected conduct (*i.e.,* insulting a prison guard) or that his First Amendment rights
7  have been chilled.  Dkt. 21, at 3-4.
8         On December 8, 2015, in an unpublished memorandum decision, the Ninth Circuit Court
9  of Appeals determined that Mr. Richey had stated a "plausible claim that his rights were violated
10 when the prison refused to process and investigate his grievance because it contained
11 'objectionable' language describing the prison guard as 'extremely obese.'"  Dkt. 29, at 2-3.  The
12 Ninth Circuit based this conclusion on its previous holding in *Brodheim v. Cry,* 584 F.3d 1262,
13 1271 (9th Cir. 2009) (disrespectful language in a prisoner's grievance is itself protected activity
14 under the First Amendment).  The Ninth Circuit also noted that its review was limited to Mr.
15 Richey's complaint to determine whether it stated a claim for review and therefore, it did not
16 consider additional statements in his grievance not included in the complaint.  *Id.*, at 3 n. 2.
17        The grievance made the subject of Mr. Richey's complaint in this action was submitted
18 on November 11, 2011, offender complaint No. 1122177.  In the grievance, Mr. Richey stated
19 that "an extremely obese Hispanic female guard" had denied him his "right to yard and to a
20 shower."  He further stated:
21         … She has taken my right to a shower on previous occasions because I
           commented about her need to diet.
22
           . . . Once in my cell, …, I expelled the statement, "son of a bitch."  She heard this
23         and claimed I called her a bitch and then denied me a shower roll.  She denied me
           these things without a hearing or due process.  If she had a problem with my
24         behavior she could verbally correct me or infract me.  She has no authority to

1         deprive me of the right to a shower and clean clothes without a hearing of some sort.  She is abusing her position of authority.  It isn't my problem that she is so obese, she holds a grudge over my previous comments about her enormous girth.  It is no wonder why guards are assaulted and even killed by some prisoners.  When guards like this fat Hispanic female guard abuse their position as much as they abuse their calorie intake, it can make prisoners less civilized than myself to resort to violent behavior in retaliation. …

Dkt. 12-1, Exhibit 1, Declaration of Tamara J. Rowden, Attachment A.

        On February 5, 2016, the Court set the discovery deadline for August 19, 2016 and the dispositive motions deadline for October 21, 2016.  Dkt. 33.  Plaintiff filed his motion to supplement on March 4, 2016.  Dkt. 43.  He also filed a motion for temporary restraining order (Dkt. 41) and a motion for partial summary judgment (Dkt. 46).

## DISCUSSION

        Federal Rule of Civil Procedure 15(d) is intended to give district courts broad discretion in allowing supplemental pleadings.  Rule 15(d) plainly permits supplemental amendments to cover events happening after suit.  Fed. R. Civ. P. 15(d); *Griffin v. County School Bd. of Prince Edward County,* 377 U.S. 218 (1964).  As a tool of judicial economy and convenience, application of the rule is favored.  *Keith v. Volpe*, 858 F.2d 467, 473 (9th Cir.1988), *cert. denied*, 493 U.S. 813 (1989).  However, a supplemental pleading cannot be used to introduce a "separate, distinct and new cause of action."  *Planned Parenthood of S. Ariz. v. Neely*, 130 F.3d 400, 402 (9th Cir.1997) (*citing Berssenbrugge v. Luce Mfg. Co.*, 30 F.Supp. 101, 102 (D.Mo.1939); 6A Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, FEDERAL PRACTICE AND PROCEDURE: Civil 2D § 1509 (1990) (leave to file a supplemental pleading will be denied where "the supplemental pleading could be the subject of a separate action")) (citation omitted); *Griffin*, 377 U.S. at 266 (supplemental pleading appropriate where amended complaint was "not a new cause of action but merely part of the same old cause of action").

1          Here, Mr. Richey seeks to add entirely new claims and new parties relating to events that

2  took place at another institution approximately four years after the incident which gave rise to his

3  original complaint.  Mr. Richey argues that these claims bear some relationship to the subject of

4  the original action because they involve the same law – violation of his First Amendment rights

5  and retaliation – and similar facts, the rejection of his grievances based on a disagreement

6  between himself and corrections officers handling his grievances as to what is "impolitic"

7  language and what is "offensive" language.  Mr. Richey apparently routinely (at least on thirty-

8  four occasions) has submitted grievances "accurately describing" prison guards as "bloated,

9  scruffy looking Hispanic," "too lazy to investigate my grievance due to your excessive obesity,"

10  "a fat Hispanic guard," "this fool," "the chubby rolly-polly turnkey on 1st shift," "I tried to

11  explain to this mentally challenged turnkey," "a fat rolly-polly looking bugger with a cranium

12  that's resistant to comprehending the Queen's English."  Dkt. 43-2, at 1.  Based on the Ninth

13  Circuit's opinion that Mr. Richey stated a plausible cause of action based on its review of only

14  those portions of the grievance Mr. Richey chose to include in his complaint, Mr. Richey now

15  believes that he is entitled to summary judgment in this claim, on the thirty-four claims he seeks

16  to add in his supplement, and presumably for any claim that arises when he wishes to refer to

17  guards as obese or use other "impolitic" language in his grievance which is later rejected.  He

18  argues that this is merely evidence of a practice of violation his constitutional rights.

19          The Court disagrees.  Mr. Richey's First Amendment claims were not resolved by the

20  Ninth Circuit.  Rather, the Ninth Circuit concluded that he had sufficiently stated a claim to

21  proceed with his § 1983 action.  Moreover, the type of conduct challenged through supplemental

22  pleadings are usually those alleged to be specific attempts by defendants to contravene a courts'

23  earlier rulings.  *See e.g, Griffin,* 377 U.S. at 226, 84 S.Ct. at 1230–31 (alleging defendant's

24  refusal to levy taxes and open the schools "occurred as a part of continued, persistent efforts to

ORDER DENYING MOTION TO SUPPLEMENT
COMPLAINT- 4

circumvent ... [the Court's] 1955 holding that Prince Edward County could not continue to operate, maintain, and support a system of schools in which students were segregated on a racial basis"); *Keith*, 858 F.2d at 474 (alleging defendant's refusal to approve the construction of low income housing developments contravened the consent decree to provide such housing); *Poindexter*, 296 F.Supp. at 689 (alleging that a statute that "was to be put into operation only if and when the earlier ... legislation was invalidated" violated the court's ruling that such statutes promote racial segregation in public schools).  Conversely, claims against two new individuals at a different institution for thirty-four distinct incidents that occurred four years after Mr. Richey's original complaint against Mr. Dahne for the handling of his 2011 grievance do not bear sufficient relationship to the subject of his claims against Defendant Dahne and do not belong in this action.  These claims can and should be the subject of a separate action.  Mr. Richey's inability to finance separate lawsuits is not a factor that should weigh nor does it weigh in the Court's consideration of whether his motion to supplement should be allowed.

Moreover, addition of these claims does not promote the economical and speedy disposition of the controversy.  *See Keith,* 858 F.2d at 474.  The parties have engaged in discovery, plaintiff has filed a motion for partial summary judgment, and defendant anticipates filing a motion for summary judgment in the near future.  As noted by defendants, it would be more economical to litigate the distinct thirty-four new claims against the two new defendants in a separate action because those incidents, which occurred more recently, all relate to the same two defendants at the same institution.

Accordingly, it is **ORDERED:**

(1) Plaintiff's motion to supplement his complaint (Dkt. 43) is **DENIED.**

//

/

1  (2) The Clerk is directed to send a copy of this Order to Plaintiff and to counsel for
2 Defendants.

3  DATED this 11th day of April, 2016.

*/s/ Karen L. Strombom*
Karen L. Strombom
United States Magistrate Judge