UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

THOMAS WILLIAM SINCLAIR RICHEY,

    Plaintiff,

v.

D. DAHNE,

    Defendant.

No. C12-5060 BHS-KLS

**REPORT AND RECOMMENDATION**
**Noted for:  April 29, 2016**

Before the Court is Plaintiff Thomas William Sinclair Richey's motion requesting temporary restraining order and/or preliminary injunction.  Dkt. 41.  Having reviewed the motion, Defendant's response (Dkt. 49), and balance of the record, the Court recommends the motion be denied.

## BACKGROUND

Plaintiff Thomas Richey is an inmate in the custody of the Washington State Department of Corrections (DOC) and is currently incarcerated at Washington State Penitentiary (WSP).  Mr. Richey filed the current civil rights action under 42 U.S.C. § 1983 on January 24, 2012, while he was incarcerated at the Monroe Corrections Center (MCC).  Dkt. 1.  He alleges that Defendant Dennis Dahne, the Grievance Coordinator at the Stafford Creek Corrections Center (SCCC) violated his First Amendment right to redress grievances and retaliated against him for filing grievances.  Dkt. 4, at p. 5.  Mr. Richey seeks monetary damages only.  *Id.*, at 2, 4.

REPORT AND RECOMMENDATION- 1

As explained by Mr. Richey, he filed an initial grievance on November 11, 2011, which included the phrase "an extremely obese Hispanic female guard." Dkt. 16, at 8. On November 15, 2011, the acting grievance coordinator refused to accept the grievance and instructed Mr. Richey to rewrite the grievance and exclude the offending language. Mr. Richey refused and filed another grievance, which was forwarded to the DOC grievance headquarters as an appeal. *Id.*, at 16. Mr. Dahne declined to reach the merits of the appeal because "request for rewriting is between the coordinator and you and cannot be appealed to the Grievance Program Manager." *Id.*, at 18.

On December 6, 2012, District Court Judge Benjamin H. Settle dismissed the complaint with prejudice for failure to state a claim and revoked plaintiff's *in forma pauperis status*. Dkt. 21. Specifically, the Court held that Mr. Richey had failed to allege facts to show that he engaged in protected conduct (*i.e.,* insulting a prison guard) or that his First Amendment rights have been chilled. Dkt. 21, at 3-4.

On December 8, 2015, in an unpublished memorandum decision, the Ninth Circuit Court of Appeals determined that Mr. Richey had stated a "plausible claim that his rights were violated when the prison refused to process and investigate his grievance because it contained 'objectionable' language describing the prison guard as 'extremely obese.'" Dkt. 29, at 2-3. The Ninth Circuit based this conclusion on its previous holding in *Brodheim v. Cry,* 584 F.3d 1262, 1271 (9th Cir. 2009) (disrespectful language in a prisoner's grievance is itself protected activity under the First Amendment). The Ninth Circuit also noted that its review was limited to Mr. Richey's complaint to determine whether it states a claim for review and therefore, did not consider additional statements in his grievance not included in the complaint. *Id.*, at 3 n. 2.

REPORT AND RECOMMENDATION- 2

In his motion for injunctive relief, Mr. Richey claims that since May 2015, prison grievance coordinators L. Young and J. Aiyeku have engaged in a systematic pattern of rejecting his grievances based on Mr. Richey's refusal to comply with their demands to rewrite his grievances to omit "impolitic word choices."  Mr. Richey claims he has been denied the right to redress his grievances on at least 34 occasions.  Dkt. 41, at 3.  Under separate motion, plaintiff has moved to supplement his complaint to add thirty-four claims against L. Young and J. Aiyeku.  Dkt. 43.  That motion has been denied.

The undersigned concludes that plaintiff's motion may be denied on the basis that he seeks a preliminary injunction of conduct that is unrelated to the merits of the lawsuit.

**DISCUSSION**

A preliminary injunction is an "extraordinary and drastic remedy" that is never awarded as of right.  *Munaf v. Geren*, 553 U.S. 674, 689-90, 128 S. Ct. 2207, 2219 (2008) (citations and quotation omitted).  Instead, the instant motion requires the court to "balance the competing claims of injury and ... the effect of the granting or withholding of the requested relief."  *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 129 S. Ct. 365, 376 (2008) (quoting *Amoco Prod. Co. v. Gambell*, 480 U.S. 531, 542, 107 S. Ct. 1396 (1987)).  A plaintiff seeking a preliminary injunction must establish the following: (1) a likelihood of success on the merits, (2) a likelihood of irreparable injury to the plaintiff if injunctive relief is not granted, (3) a balance of hardships favoring the plaintiff, and (4) advancement of the public interest.  *Id.* (citations omitted).   This is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."  *Id*. at 376.  Moreover, Plaintiff must show more than a mere "possibility" of irreparable harm, but instead must "demonstrate that irreparable injury is likely in the absence of an injunction."  *Id*. at 375 (emphasis and citations omitted).

REPORT AND RECOMMENDATION- 3

In a civil rights case, injunctions must be granted sparingly and only in a clear and plain case. Even in an action against private individuals, it has long been held that an injunction is "to be used sparingly, and only in a clear and plain case." When a plaintiff seeks to enjoin the activity of a government agency, even within the unitary court system, his case must contend with "the well-established rule that the government has traditionally been granted the widest latitude in the dispatch of its own internal affairs." *Rizzo v. Goode*, 423 U.S. 362, 378, 96 S.Ct. 598 (1976) (citations omitted). This holding applies even more strongly in cases involving the administration of state prisons. *Turner v. Safley*, 482 U.S. 78, 85, 107 S.Ct. 2254 (1987).

Injunctive relief is to be used to address issues related to the underlying violations presented in the complaint. *See Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir.1994) (plaintiff seeking injunctive relief must show "[a] relationship between the injury claimed in the party's motion and the conduct asserted in the complaint."); *see Little v. Jones*, 607 F.3d 1245, 1250–51 (10th Cir .2010) (motion defined as insufficiently related to conduct addressed in complaint); *Colvin v. Caruso*, 605 F.3d 282, 299–300 (6th Cir.2010) (no preliminary injunction where motion for relief based on facts and circumstances entirely different from initial claim); *Omega World Travel, Inc. v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir.1997) (same). Further, a court need not consider claims that were not raised in the complaint. *McMichael v. Napa County*, 709 F.2d 1268, 1273 n. 4 (9th Cir.1983). The Complaint in this action refers to only one incident (the failure to process a grievance in November 2011), concerns only one defendant (D. Dahne), is related to events that occurred in SCCCC (where Mr. Richey is no longer incarcerated), and seeks monetary damages only. Dkt. 4.

It is axiomatic that federal courts do not have jurisdiction over non-parties. *See, e.g.*, *Vanderbilt v. Vanderbilt*, 354 U.S. 416, 418 (1957). "A court's equitable power lies only over

REPORT AND RECOMMENDATION- 4

the merits of the case or controversy before it.  When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction." *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015); *accord Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (per curiam).

Here, Mr. Richey seeks relief for conduct that is completely unrelated to the claims raised in his complaint.  For that reason alone, his motion should be denied.

**CONCLUSION**

The undersigned recommends that Mr. Richey's motion for temporary restraining order (Dkt. 41) be **DENIED** because the motion seeks injunctive relief that is not based upon the claim in the underlying suit.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections.  See also Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **April 29, 2016**, as noted in the caption.

**DATED** this 11th day of April, 2016.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION- 5