UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| THOMAS W.S. RICHEY,<br><br>            Plaintiff,<br><br>     v.<br><br>D. DAHNE,<br><br>            Defendant. | CASE NO. C12-5060BHS<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT AND VACATING PRIOR ORDER AND JUDGMENT |

This matter comes before the Court on Plaintiff Thomas W.S. Richey's ("Richey") (Dkt. 62) motion for relief of judgment purusant to FRCP 60(b)(1). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion.

**I. PROCEDURAL AND FACTUAL BACKGROUOND**

Both parties assert that there are no disputed issues of material facts. Dkt. 46 at 1–2; Dkt. 52 at 1. The Court, however, overlooked an important fact that requires additional consideration of Richey's claims.

On June 27, 2016, the Honorable Karen L. Strombom, United States Magistrate Judge, issued a Report and Recommendation ("R&R") recommending that the Court deny Richey's motion for summary judgment and grant Defendant Dennis Dahne's ("Dahne") motion for summary judgment because Dahne is entitled to qualified immunity. Dkt. 59. Judge Strombom concluded (1) that material questions of fact exist on Richey's First Amendment claim, Dkt. 59 at 14, (2) that material questions of fact exist on Richey's retaliation claim, *Id*. at 16, and (3) Dahne is entitled to qualified immunity because Richey's constitutional rights were not clearly established, *Id*. at 19.

After both parties filed objections, the Court issued an order adopting in part and modifying in part the R&R, granting Dahne's motion for summary judgment, and denying Richey's motion for summary judgment. Dkt. 68. In relevant part, the Court found that, out of the three interactions between Richey and corrections officers regarding his grievance, Dahne personally participated in only one of those interactions. Dkt. 68 at 2. On September 14, 2016, the Clerk entered a judgment in favor of Dahne against Richey. Dkt. 69.

On September 19, 2016, Richey filed the instant motion asserting that Dahne personally participated in two of the three interactions. Dkt. 70. On September 30, 2016, Dahne responded. Dkt. 71. On October 4, 2016, Richey replied. Dkt. 72.

## II. DISCUSSION

"On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect . . . ." Fed. R. Civ. P. 60(a)(1).

ORDER - 2

In this case, Richey moves to vacate the judgment based on mistake. The Court overlooked the important fact that Dahne ordered Richey to rewrite the original grievance. Although Dahne agrees with Richey's facts, he fails to address the merits of his order that Richey rewrite the original grievance. Instead, he addresses the original rewrite and the final administrative withdrawal. Thus, there is no opposition to Richey's argument that the Court should vacate the judgment and address the merits of Dahne's personal participation in the second order to rewrite the grievance. Accordingly, the Court grants Richey's motion and will consider all of Richey's claims.

### III. ORDER

Therefore, it is hereby **ORDERED** that Richey's motion for relief from judgment (Dkt. 70) is **GRANTED**. The Clerk shall vacate the Court's previous order (Dkt. 68) and vacate the judgment (Dkt. 69). The Court will issue a new order forthwith.

Dated this 15th day of December, 2016.

BENJAMIN H. SETTLE
United States District Judge