DISTRICT COURT JUDGE BENJAMIN H. SETTLE
MAGISTRATE JUDGE KAREN L. STROMBOM

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| THOMAS W.S. RICHEY,<br><br>               Plaintiff,<br><br>       v.<br><br>D. DAHNE,<br><br>               Defendant. | NO. 3:12-CV-05060-BHS-KLS<br><br>DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR RELIEF FROM ORDER |

Defendant, DENNIS DAHNE, by and through his attorneys of record, ROBERT W. FERGUSON, Attorney General, and HALEY BEACH, Assistant Attorney General, respectfully submits the following Reply to Plaintiff's Response to Defendant's Motion for Relief from an Order.

**I.    REPLY**

Plaintiff Thomas Richey does not seem to contest Defendant's legal arguments for dismissal, but rather simply argues that he lied in the letter to his wife. Richey maintains that he decided to plant this "lie" in his letter because he believed his outgoing mail to his wife was not being sent. Richey's version of events is implausible on its face and belied by the evidence in the record, and potentially by additional evidence this Court could order admitted, including Richey's recorded phone calls that Defendant has moved to admit in a separately filed motion. The Court should consider the evidence, Richey's implausible version of events, and Richey's history of frivolous and malicious litigation and grant

DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR RELIEF FROM ORDER
NO. 3:12-CV-05060-BHS-KLS

1

ATTORNEY GENERAL OF WASHINGTON
Corrections Division
PO Box 40116
Olympia, WA 98504-0116
(360) 586-1445

1  Defendant's motion, or hold an evidentiary hearing to make a determination as to whether
2  Richey perpetrated a fraud upon the Court.

### A. Richey's Version of Events is Implausible

Richey would have this Court believe that, in an effort to "bait and antagonize" prison staff, he decided to admit that he had fabricated the facts underlying his right-to-petition claim in this lawsuit. Of all the many things that might be thought to antagonize prison staff, it seems odd that Richey would land on a detailed admission of his fabrication of a lawsuit that these individuals more than likely knew nothing about. He also includes this supposed "bait" directly under a paragraph discussing an illicit scheme to perform services for "two more potential clients," one of whom was going to solicit "dosh"[1] from a relative and one of whom was going to pay Richey "a combo of store and street dosh." Declaration of Jack Warner, Exhibit 1. It seems odd that Richey would choose to insert false information for the Department of Corrections (DOC) to read right below an admission of an illicit prison bartering scheme. It also seems unlikely that he would do so at a time when the lawsuit in question is still pending, and would include information about other money-making litigation schemes that are still pending, as well.

Additionally, staff reviewed a number of letters at this time that included a variety of dishonest money-making schemes, some of which involved litigation-related schemes and some of which involved other schemes. Declaration of George Gilbert, ¶ 4, Exhibit 1. For example, Richey discusses doing legal work for other inmates in exchange for payment of commissary credits or other goods, a scheme to pressure a disciplinary hearing officer to dismiss an infraction and reduce other disciplinary sanctions, a plan to solicit donations of clothing and food to then sell for money, a plan to continually submit grievances with disrespectful language prior to the Supreme Court's ruling in this case, and a plan for his wife to pose as a literary agent in an effort to get him a book deal. Gilbert Decl., Exhibit 1.

---

[1] Context suggests this term is slang or code for money.

DEFENDANT'S REPLY TO
PLAINTIFF'S RESPONSE TO
DEFENDANT'S MOTION FOR RELIEF
FROM ORDER
NO. 3:12-CV-05060-BHS-KLS

2

ATTORNEY GENERAL OF WASHINGTON
Corrections Division
PO Box 40116
Olympia, WA 98504-0116
(360) 586-1445

He also sends a letter to another family member or friend, Elaine, in which he states, "[l]ately, I've been submitting as many grievances as possible in an effort to see them dismissed so I can sue. . . . This is really a money-making opportunity. Of course, they [don't know] this." Gilbert Decl., Exhibit 1, at 5. It is unlikely that if Richey believed DOC was so closely monitoring his mail, he would include information about his scheme that relies on DOC staff not knowing about his scheme. He also told Elaine, in a separate letter, about the Supreme Court denying review in this case, and stated: "Now it's all about settling my cases. I've this initial case, then there's the big one with 50 grievances, and I racked another seven grievances here . . . . I don't know how much I'll settle for, but I'd like to get anywhere from 30 to 50k." Gilbert Decl., Exhibit 1, at 9. Again, it seems rather unlikely that Richey would include his settlement goals for active cases, including a dollar amount, if he believed mailroom staff were so keenly interested in his litigation activities. This letter was dated May 15, 2019, Gilbert Decl., Exhibit 1, at 8, two days after the Supreme Court denied review, and presumably after Richey called his wife "to share news about winning" this case and she supposedly informed him that she had not received his letters. ECF No. 97, at 7.

Additionally, Monroe Correctional Complex (MCC) mailroom staff reviewed their files and they indicate that Richey did not have any outgoing mail rejected or withheld from mailing during that time. Declaration of Melinda Tuggle, ¶ 3. The investigator also indicates that he received copies of the reviewed mail rather than originals. Gilbert Decl., ¶ 4. The investigator receives copies when the outgoing mail is reviewed and copied for investigation, but still allowed to be sent out. Richey states that he learned of his wife supposedly not receiving his letters when he called her to inform her about the Supreme Court decision denying review. DOC has Richey's calls recorded and available for review. Gilbert Decl., ¶ 3. The Court should grant Defendant's separately filed motion to admit the contents of that phone call to confirm or refute that claim.

DEFENDANT'S REPLY TO
PLAINTIFF'S RESPONSE TO
DEFENDANT'S MOTION FOR RELIEF
FROM ORDER
NO. 3:12-CV-05060-BHS-KLS

3

ATTORNEY GENERAL OF WASHINGTON
Corrections Division
PO Box 40116
Olympia, WA 98504-0116
(360) 586-1445

1    Richey also states that he would not have lied in his grievance to Dennis Dahne back
2 in November 2011 because he would have assumed it would have been investigated and the
3 lie revealed, exposing him to potential disciplinary action, and he could never have guessed
4 that the grievance coordinator would find his language unacceptable and refuse to process
5 the grievance. ECF No. 97, at 2. But Richey's history disproves this claim, as well. In *Richey*
6 *v. Thaut*, No. C11-5680-RBL-KLS, 2012 WL 527521 (W.D. Wash. Feb 16, 2012), Richey
7 filed a civil rights complaint against Stafford Creek Correction Center grievance coordinator
8 Douglas Thaut, over Thaut's handling of one of Richey's grievances. That grievance claimed
9 that Richey was denied a shower by an "extremely obese female Hispanic guard" and opined
10 as to whether there was "a fat farm that raises all the obese women that Stafford Creek hires."
11 *See Richey v. Thaut*, No. C11-5680-RBL-KLS, Dkt. 45-2, at 2. On August 2, 2011, Thaut
12 advised Richey to rewrite the grievance and leave out that and other objectionable language.
13 *Id.* So when Richey filed the grievance underlying this claim in November 2011, he would
14 have known that Stafford Creek was at that time refusing to process grievances containing
15 abusive language. Richey states in his letter to his wife that he read an old case that he used
16 as inspiration for this lawsuit, which makes sense given the similarities in the grievance
17 underlying this case to the grievance at issue in *Bradley v. Hall*, 64 F.3d 1276 (9th Cir.
18 1995).[2] *Bradley* involved a grievance that stated, among other things: "Her [the guard's]
19 actions shows her misuse of her authority and her psychological disorder needs attention.
20 Then you wonder why things happen like that guard getting beat down? I suggest you talk
21 to this woman and have her act professionally instead of like a child. [sic]." *Id.* at 1278.
22 Richey's grievance stated, in relevant part: "It is no wonder why guards are slapped and
23 strangled by some prisoners. When guards like this obese female Hispanic guard abuse their
24 position as much as they abuse their calorie intake, it can make prisoners less civilized than
25 myself to [sic] resort to violence." ECF No. 52-2, at 61. In short, Richey's claim that he

---

[2] O*verruled by Shaw v. Murphy*, 532 U.S. 223, 230 n.2 (2001).

DEFENDANT'S REPLY TO
PLAINTIFF'S RESPONSE TO
DEFENDANT'S MOTION FOR RELIEF
FROM ORDER
NO. 3:12-CV-05060-BHS-KLS

4

ATTORNEY GENERAL OF WASHINGTON
Corrections Division
PO Box 40116
Olympia, WA 98504-0116
(360) 586-1445

would not have submitted an untrue grievance containing disrespectful language because he would have believed that it would be investigated and because he could not have predicted that it would be rejected is belied by his history. Additionally, as he lays out in his letters, if staff had accepted his grievance containing the disrespectful language, he would have simply withdrawn the grievance. *See* Gilbert Decl., Exhibit 1, at 5. Richey knew the grievance would be rejected and he hoped that his grievance's similarity to the grievance in *Bradley* would support a First Amendment claim. In actuality, Richey's grievance and arguments in this case were all built on Richey's false claim that his grievance was about a particular staff member whom he could not otherwise identify because he did not know her name. Had the grievance been accepted, Richey would have simply withdrawn it and moved on to his next scheme.

B.    **Richey's Allegations Against DOC Staff and Defense Counsel Are Specious and Unsupported**

Richey's claims against DOC staff and defense counsel are based on his own speculation and unfounded accusations. MCC monitors outgoing mail in accordance with DOC policy and state law. *See, e.g.*, Wash. Admin. Code 137-48-030(1) ("All mail intended for or to be sent by an inmate, excluding legal mail discussed in subsection (3) of this section, may be inspected at any time by the staff designated by the superintendent or his/her designee(s)."). Despite his lengthy history in DOC prisons, Richey does not have personal knowledge or information as to how prison investigations are conducted or who might be involved in particular investigations within MCC. The mailroom staff and investigator acted in accordance with their job duties and the applicable DOC policies to review and investigate potential violations of rules and laws evidenced by Richey's outgoing no-legal mail. *See* Tuggle Decl., ¶ 3; Gilbert Decl., ¶ 4. His baseless accusations of anything beyond him breaking the rules and getting caught are unfounded speculation and are not entitled to any weight or consideration.

DEFENDANT'S REPLY TO
PLAINTIFF'S RESPONSE TO
DEFENDANT'S MOTION FOR RELIEF
FROM ORDER
NO. 3:12-CV-05060-BHS-KLS

5

ATTORNEY GENERAL OF WASHINGTON
Corrections Division
PO Box 40116
Olympia, WA 98504-0116
(360) 586-1445

### C. Richey's Unnoted Motions

Richey appears to have filed a motion to amend and a motion to suppress, neither of which was noted for the Court's consideration. Should the Court note such motions or request a response from Defendants, Defendant will file responses within the applicable timeframes.

### D. The Court Should Dismiss This Matter

Defendant has presented competent evidence that Richey has fabricated the facts underlying his only surviving claim in this matter. Richey made up his grievance and therefore had no non-frivolous issue for which to petition for redress. Richey made knowingly false representations to this Court, and others, repeatedly. Richey's attempts to cobble together an explanation for this admission are unpersuasive and inconsistent with the facts known to the parties and the Court. Richey has a long history of filing frivolous and malicious litigation in the federal courts. Richey has at least seven qualifying "strikes" under 28 U.S.C. § 1915(e)(2) and (g). *See Richey v. Thaut*, No. C11-5755 BHS, 2012 WL 1752322 (W.D. Wash. May 16, 2012); *Richey v. Thaut*, No. 12-35632 (9th Cir. Oct. 17, 2012); *Richey v. Glebe*, No. C14 5268, 2014 WL 2116458 (W.D. Wash. May 21, 2014); *Richey v. Sullivan*, No. C14-5050 BHS, 2014 WL 3928014 (W.D. Wash. Aug. 12, 2014) (dismissed as frivolous *and* malicious); *Richey v. Dean*, No. C14 5071 BJR-JRC, 2014 WL 2765733 (W.D. Wash. June 18, 2014); *Richey v. Buile*, No. 12-00528 (W.D. Wash. 2012); *Richey v. Glebe*, Grays Harbor Superior Court No. 13 2-00474-3 (2014). Richey's correspondence demonstrates that his litigation activity is driven by schemes intended to make money or antagonize DOC staff. The federal courts do not have to tolerate such misconduct, particularly in a case that never should have been filed and which has consumed the dockets of multiple federal courts for seven years. "[C]ourts are not obliged to be a playground where prisoners with nothing better to do continuously file frivolous claims." *Rodriguez v. Cook*, 169 F.3d 1176, 1180 (9th Cir. 1999). A district court may dismiss a complaint as malicious if it is plainly abusive of the judicial process. *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993); *Crisafi v. Holland*, 655 F.2d 1305, 1309 (D.C. Cir. 1981). The Court should

DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR RELIEF FROM ORDER
NO. 3:12-CV-05060-BHS-KLS

6

ATTORNEY GENERAL OF WASHINGTON
Corrections Division
PO Box 40116
Olympia, WA 98504-0116
(360) 586-1445

exercise its inherent powers and its powers under the civil rules to dismiss this fraudulent and frivolous action.

## II.   CONCLUSION

Because a knowing falsehood was the central issue of Richey's complaint, the Court should rule that his conduct was a fraud upon the Court and dismiss this action pursuant to its inherent authority, or vacate its previous order granting Richey summary judgment on his right-to-petition claim pursuant to Fed. R. Civ. P. 60(b)(3) and (d)(1). In the alternative, the Court should dismiss this matter pursuant to Fed. R. Civ. P. 41(b) because Richey has failed to comply with the federal rules. Richey never should have filed this lawsuit and the Court should dismiss it. If the Court believes there are disputed issues of fact that are necessary to decide to resolve this motion, it should grant Defendant's separately filed motion to submit the contents of Richey's phone calls for this Court's consideration, or should hold an evidentiary hearing on this issue and consider such evidence.

RESPECTFULLY SUBMITTED this 21st day of June, 2019.

ROBERT W. FERGUSON
Attorney General

s/ Haley Beach
HALEY BEACH, WSBA #44731
Assistant Attorney General
Corrections Division
P.O. Box 40116
Olympia, WA  98504-0116
(360) 586-1445
HaleyB@atg.wa.gov

DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR RELIEF FROM ORDER
NO. 3:12-CV-05060-BHS-KLS

7

ATTORNEY GENERAL OF WASHINGTON
Corrections Division
PO Box 40116
Olympia, WA 98504-0116
(360) 586-1445

# CERTIFICATE OF SERVICE

I certify that on the date below I caused to be electronically filed the DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR RELIEF FROM ORDER with the Clerk of the Court using the CM/ECF system and I hereby certify that I have mailed a copy of the document through United States Postal Service to the following non CM/ECF participant:

THOMAS W.S. RICHEY, DOC #929444
MONROE CORRECTIONAL COMPLEX – WSR
PO BOX 777
MOROE WA  98272-0777

docmccinmatefederal@DOC1.WA.GOV

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

EXECUTED this 21st day of June, 2019, at Olympia, Washington.

    s/ Cherrie Melby
CHERRIE MELBY
Legal Assistant
Corrections Division
PO Box 40116
Olympia, WA 98504-0116
(360) 586-1445
Cherrie.Melby@atg.wa.gov

DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR RELIEF FROM ORDER
NO. 3:12-CV-05060-BHS-KLS

8

ATTORNEY GENERAL OF WASHINGTON
Corrections Division
PO Box 40116
Olympia, WA 98504-0116
(360) 586-1445