|   |   |
|---|---|
| | DISTRICT COURT JUDGE BENJAMIN H. SETTLE |
| | MAGISTRATE JUDGE KAREN L. STROMBOM |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| THOMAS W.S. RICHEY, | NO. 3:12-CV-05060-BHS-KLS |
|---|---|
| Plaintiff, | RESPONSE TO PLAINTIFF'S MOTION TO SUPPRESS EVIDENCE |
| v. | |
| D. DAHNE, | |
| Defendant. | |

Defendant, Dennis Dahne, by and through his attorneys of record, ROBERT W. FERGUSON, Attorney General, and HALEY BEACH, Assistant Attorney General, submits the following Response to Plaintiff's Motion to Suppress Evidence, ECF No. 104, and respectfully requests that the Court deny Plaintiff's motion.

## I.  RESPONSE

Richey's motion to suppress is unsupported by any applicable legal citation and is meritless. The Court should deny it. Richey's complaint is governed by the Federal Rules of Civil Procedure and the Federal Rules of Evidence, none of which provide a basis for excluding a copy of an inmate's outgoing non-legal letter. Richey's motion is essentially a motion to strike material attached to Dahne's submission, as outlined in Local Civil Rule 7(g).

The Ninth Circuit has affirmed prison officials' ability to read outgoing non-legal inmate mail, even from an inmate to a spouse. "It is common ground between the parties that if [the inmate] had sent a letter to his wife not containing any privileged attorney-client or work-

RESPONSE TO PLAINTIFF'S MOTION
TO SUPPRESS EVIDENCE
NO. 3:12-CV-05060-BHS-KLS

1

ATTORNEY GENERAL OF WASHINGTON
Corrections Division
PO Box 40116
Olympia, WA 98504-0116
(360) 586-1445

1  product material, prison authorities would have had the right to read the letter. There is no
2  free-standing marital communications privilege, under either federal or state law, allowing a
3  California prisoner to send confidential letters from prison to his or her spouse." *United*
4  *States v. Griffin*, 440 F.3d 1138, 1144 (9th Cir. 2006). Only "privately made"
5  communications between spouses are privileged. *Wolfle v. United States*, 291 U.S. 7, 14
6  (1934). The outgoing mail was reviewed pursuant to state law and investigated pursuant to
7  concerns of prison rule and state law violations. Declaration of George Gilbert, ¶¶ 3-4.
8  Outgoing non-legal mail, which by state law may be read and withheld, *see, e.g.*, Rev. Code
9  Wash. 72.02.260; Wash. Admin. Code 137-48-030(1), cannot be said to be confidential or
10 private. "Members of the prison mailroom staff may open and read incoming and outgoing
11 regular mail, before distributing or sending it, to prevent criminal activity and to maintain prison
12 security" and this "is rationally related to furthering the[se] legitimate penological interests."
13 *O'Keefe v. Van Boening*, 82 F.3d 322, 323, 326 (9th Cir. 1996). Moreover, even in a criminal
14 matter, "the warrantless seizure of a sealed letter is valid if it serves a 'justifiable purpose of
15 imprisonment or prison security.'" *United States v. Vallez*, 653 F.2d 403, 406 (9th Cir. 1981)
16 *receded from on other grounds by United States v. Goseyun*, 789 F.2d 1386, 1387 (9th
17 Cir.1986) (per curiam); *see also Witherow v. Crawford*, 339 F. App'x 785, 786 (9th Cir.
18 2009) ("defendants' decision to open, read, and photocopy some of [the inmate plaintiff's]
19 mail before sending or delivering it was not an unconstitutional response to their suspicion").
20 For all these reasons, Richey has no basis for claiming that such communications are protected
21 from review, copying, and submission to this Court.
22     To the extent Richey seeks relief from federal copyright law, his argument fails. Richey
23 has not demonstrated that he owns a relevant copyright, nor has he explained how he could be
24 entitled to copyright a personal letter. Richey cites 17 U.S.C. § 102, which notably does not
25 include personal letters, particularly where there is no actual copyright. This claim is meritless.
26

RESPONSE TO PLAINTIFF'S MOTION
TO SUPPRESS EVIDENCE
NO. 3:12-CV-05060-BHS-KLS

2

ATTORNEY GENERAL OF WASHINGTON
Corrections Division
PO Box 40116
Olympia, WA 98504-0116
(360) 586-1445

The letter from Richey to his wife is relevant to the Court's determination of Dahne's Motion for Relief from an Order and/or for Involuntary Dismissal and it is otherwise admissible. Richey has presented no legal authority for the Court to strike this evidence from the record and the Court should deny his motion.

## II. CONCLUSION

There is no basis for "suppressing" or striking from the record the letter from Richey to his wife, which was lawfully reviewed, copied, and submitted to this Court based on its relevance to Dahne's pending motion for relief and dismissal. The Court should deny Richey's motion to suppress.

RESPECTFULLY SUBMITTED this 15th day of July, 2019.

ROBERT W. FERGUSON
Attorney General

s/ Haley Beach
HALEY BEACH, WSBA #44731
Assistant Attorney General
Corrections Division
P.O. Box 40116
Olympia, WA  98504-0116
(360) 586-1445
HaleyB@atg.wa.gov

RESPONSE TO PLAINTIFF'S MOTION
TO SUPPRESS EVIDENCE
NO. 3:12-CV-05060-BHS-KLS

3

ATTORNEY GENERAL OF WASHINGTON
Corrections Division
PO Box 40116
Olympia, WA 98504-0116
(360) 586-1445

**CERTIFICATE OF SERVICE**

I certify that on the date below I caused to be electronically filed the RESPONSE TO PLAINTIFF'S MOTION TO SUPPRESS EVIDENCE with the Clerk of the Court using the CM/ECF system which will send notification of the filing to the following prisoner CM/ECF participant:

THOMAS W.S. RICHEY, DOC #929444
MONROE CORRECTIONAL COMPLEX – WSR
PO BOX 777
MOROE WA  98272-0777

docmccinmatefederal@DOC1.WA.GOV

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

EXECUTED this 15th day of July, 2019, at Olympia, Washington.

s/ Cherrie Melby
CHERRIE MELBY
Legal Assistant
Corrections Division
PO Box 40116
Olympia, WA 98504-0116
(360) 586-1445
Cherrie.Melby@atg.wa.gov