# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

| | |
|---|---|
| THOMAS W.S. RICHEY,<br><br>        Plaintiff,<br><br>  v.<br><br>D. DAHNE,<br><br>        Defendant. | CASE NO. C12-5060 BHS<br><br>ORDER GRANTING DEFENDANT'S MOTION IN PART AND REQUESTING JOINT STATUS REPORT REGARDING AN EVIDENTIARY HEARING |

This matter comes before the Court on Defendant D. Dahne's ("Dahne") motion for relief from an order and/or motion for involuntary dismissal. Dkt. 94. The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion in part for the reasons stated herein.

## I. PROCEDURAL AND FACTUAL BACKGROUND

This matter has a long procedural history. In relevant part, Richey has a remaining claim against Dahne for violation of his First Amendment right to petition the government. The Court granted summary judgment on this claim as to liability, Dkt. 74, and the Ninth Circuit affirmed, Dkt. 81. The claim is based on Dahne refusing to accept

Richey's grievance because it "included rude comments about the guard's weight, including describing her as 'extremely obese.'" *Id.* at 1–2.

On May 30, 2019, Dahne filed the instant motion seeking relief from the grant of summary judgment and dismissal of Richey's complaint based on allegations of Richey committing a fraud upon the Court. Dkt. 94. While inspecting Richey's outgoing mail, staff found a letter Richey wrote to his wife in which he states as follows:

> And just remember, this lawsuit was a creation of a setup. I had the idea to do it based on an old case law and made the content of the grievance up. There never was an "extremely obese female Hispanic guard" who denied me a shower. All fabricated. And it made it all the way to the US Supreme Court. Amazing.

Dkt. 95-1 at 2–3. This statement appears to directly contradict declarations Richey submitted to the Court under penalty of perjury. *See* Dkts. 4, 47. On June 11, 2019, Richey responded asserting that "he made a false statement in an effort to bait and antagonize the staff who were withholding and presumably monitoring his mail." Dkt. 97. On June 21, 2019, Dahne replied and submitted facts in support of his position that Richey's explanation is implausible. Dkt. 98. Dahne contends that mailroom staff did not withhold any of Richey's outgoing mail and therefore Richey would have no reason to bait the mailroom staff. *Id.* at 3.

## II. DISCUSSION

"[C]ourts have inherent power to dismiss an action when a party has willfully deceived the court and engaged in conduct utterly inconsistent with the orderly administration of justice." *Wyle v. R.J. Reynolds Indus., Inc.*, 709 F.2d 585, 589 (9th Cir. 1983) (citing *Phoceene Sous-Marine, S.A. v. U.S. Phosmarine, Inc.*, 682 F.2d 802, 806

(9th Cir. 1982). "When necessary, the district court may hold an evidentiary hearing on a motion for sanctions. Indeed, that method best determines the appropriate sanctions while protecting a party's due process rights." *Id.* at 592.

In this case, the parties have created a genuine factual dispute whether Richey willfully deceived the Court. To resolve the dispute, the Court will hold an evidentiary hearing. The parties shall meet and confer regarding an appropriate date for such a hearing. If Richey seeks to attend the hearing in person instead of via a video link, he shall file a motion for habeas corpus ad testificandum.

### III.  ORDER

Therefore, it is hereby **ORDERED** that Dahne's motion for relief from an order and/or motion for involuntary dismissal, Dkt. 94, is **GRANTED in part** and the parties shall file a joint status report regarding an appropriate date for an evidentiary hearing. The Clerk shall remove the motion from the active calendar to be renoted for the date of the hearing once a date is set.

Dated this 18th day of July, 2019.

BENJAMIN H. SETTLE
United States District Judge