Tom Richey
Washington State Reformatory
PO Box 777
Monroe WA 98272

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| THOMAS W. S. RICHEY, <br><br> Plaintiff, <br><br> v. <br><br> DENNIS DAHNE, <br><br> Defendant. | CASE NO: C12-5060-BHS <br><br> PLAINTIFF'S MOTION FOR STAY OF PROCEEDINGS AND MOTION TO COMPEL DISCOVERY |

Plaintiff, Thomas Richey, pro-se, hereby submits this motion to stay proceedings re this Court's Order for an evidentiary hearing and requests this Court to compel Richey's discovery request upon the defendant.

RICHEY -- 1

## REASON FOR STAY

On reflection, Richey made an ill-advised false flippant statement to his wife in an effort to bait and antagonize prison staff monitoring and seizing his mail. In his effort to grasp some semblance of victory from the jaws of defeat, Defendant is taking this case down a rabbit hole. Richey's false statement to his wife can be easily verified if the defendant simply produces the Stafford Creek Corrections Center (SCCC) Intensive Management Unit (IMU) Behavioral Logbook Records of the day Richey detailed the incident in his grievance occurred. Such mandatory Behavioral Logbook Records are and have been computerized for many years and therefore easily retrievable. These records will contain a report from the obese Hispanic female guard that mentions denying Richey his yard and shower etc. In addition, the Defendant should produce a true and correct record that both pictures and identifies each staff member working in the SCCC-IMU that day. Either of these documents will effectively plug this rabbit hole the Defendant is keen to take us down.

Richey, and this Court, will be better served through the production of these records because, as long as

RICHEY--2

the defendant does not doctor said documents or claim their unavailibility, Richey can verify the claims made in his grievance and this Court will not waste judicial time and resources with an evidentiary hearing.

Richey requests this Court to stay evidentiary hearing proceedings pending the time it takes to produce these records. Frankly, it is mind boggling that defendant did not think of this recourse. Perhaps Defendant was distracted by prying into Richey's private communications with his wife.

Additionally, Richey requests this Court to compel the Defendant to produce these documents forthwith without delay, without redaction, and without any doctoring or false claims of unavailability. The truth as Richey told it in his grievance can be proven by said records, and said records should be produced. Perjury is a serious, offensive charge that could affect Richey's plans to legally practise law. This Court should grant him the records he requests to exonerate him of the dirt Defendant seems keen to throw.

Dated this 29th day of July, 2019

*[signature]*

TOM WS RICHEY

RICHEY--3