DISTRICT COURT JUDGE BENJAMIN H. SETTLE
MAGISTRATE JUDGE KAREN L. STROMBOM

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| THOMAS W.S. RICHEY, <br><br> Plaintiff, <br><br> v. <br><br> D. DAHNE, <br><br> Defendant. | NO. 3:12-CV-05060-BHS-KLS <br><br> RESPONSE TO PLAINTIFF'S MOTION FOR *HABEAS CORPUS AD TESTIFICANDUM* |

Defendant, DENNIS DAHNE, by and through his attorneys of record, ROBERT W. FERGUSON, Attorney General, and HALEY BEACH, Assistant Attorney General, respectfully submits this response to Plaintiff Thomas Richey's Motion for *Habeas Corpus Ad Testificandum*. ECF No. 110.

## I.   RESPONSE

"A plaintiff in a civil suit who is confined in state prison at the time of a hearing has no absolute right to appear personally." *Demoran v. Witt,* 781 F.2d 155, 158 (9th Cir. 1985). Nonetheless, district courts have undisputed power to issue a writ of *habeas corpus ad testificandum* to secure the testimony of a state prisoner witness. *Wiggins v. County of Alameda*, 717 F.2d 466, 468 n.1 (9th Cir. 1983) (citing *Ballard v. Spradley*, 557 F.2d 476, 480 (5th Cir. 1977)). In determining whether to issue the writ, the court considers "whether the prisoner's presence will substantially further the resolution of the case, the security risks presented by the

RESPONSE TO PLAINTIFF'S MOTION
FOR *HABEAS CORPUS AD TESTIFICANDUM*
NO. 3:12-CV-05060-BHS-KLS

1

ATTORNEY GENERAL OF WASHINGTON
Corrections Division
PO Box 40116
Olympia, WA 98504-0116
(360) 586-1445

prisoner's presence, the expense of the prisoner's transportation and safekeeping, and whether the suit can be stayed until the prisoner is released without prejudice to the cause asserted." *Id.*

Here, Plaintiff's presence will arguably further the resolution of the issue before the Court at the evidentiary hearing, as his credibility is the ultimate issue. Defendant is unaware of a particular security risk related to Plaintiff beyond the normal security risks attendant to the transport of convicted murderers. Given the length of Plaintiff's sentence, staying this matter until his release in 2039 is impractical. Assuming that the evidentiary hearing will only last one day, the cost of transport and safekeeping is not so high as to weigh against granting this motion, though Defendant reserves the right to argue this expense as a defense cost or an offset of any award to Plaintiff, depending on how this matter resolves. For these reasons, Defendant does not oppose the Court granting a writ of *habeas corpus ad testificandum* to secure Plaintiff's testimony at the evidentiary hearing.

## II.     CONCLUSION

In light of the foregoing, Defendant does not oppose Plaintiff's motion for a writ of *habeas corpus ad testificandum*.

RESPECTFULLY SUBMITTED this 8th day of August, 2019.

ROBERT W. FERGUSON
Attorney General

s/ Haley Beach
HALEY BEACH, WSBA #44731
Assistant Attorney General
Corrections Division
P.O. Box 40116
Olympia, WA 98504-0116
(360) 586-1445
HaleyB@atg.wa.gov

RESPONSE TO PLAINTIFF'S MOTION
FOR *HABEAS CORPUS AD TESTIFICANDUM*
NO. 3:12-CV-05060-BHS-KLS

2

ATTORNEY GENERAL OF WASHINGTON
Corrections Division
PO Box 40116
Olympia, WA 98504-0116
(360) 586-1445

## CERTIFICATE OF SERVICE

I certify that on the date below I caused to be electronically filed the RESPONSE TO PLAINTIFF'S MOTION FOR *HABEAS CORPUS AD TESTIFICANDUM* with the Clerk of the Court using the CM/ECF system and I hereby certify that I have mailed a copy of the document through United States Postal Service to the following non CM/ECF participant:

THOMAS W.S. RICHEY, DOC #929444
MONROE CORRECTIONAL COMPLEX – IMU
PO BOX 7002
MOROE WA  98272-7002

docmccinmatefederal@doc1.wa.gov

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

EXECUTED this 8th day of August, 2019, at Olympia, Washington.

    s/ Cherrie Melby
    CHERRIE MELBY
    Legal Assistant
    Corrections Division
    PO Box 40116
    Olympia, WA 98504-0116
    (360) 586-1445
    Cherrie.Melby@atg.wa.gov