Thomas Richey #929444
Washington State Reformatory
Po Box 777
Monroe WA 98272

HON JUDGE BENJAMIN H. SETTLE.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| THOMAS W.S. RICHEY,<br>　　　　　　Plaintiff<br><br>v<br><br>DENNIS DAHNE,<br>　　　　　　Defendant | NO. 3:12-CV-05060-BHS<br><br>PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE RE STAY OF PROCEEDINGS AND DISCOVERY<br><br>NOTE FOR: 16 AUGUST 2019 |

Plaintiff, Thomas Richey, Pro-se, hereby submits this Reply to Defendant's Response Regarding Stay of Proceedings and Discovery

## 1. DISCUSSION

It is surprising that Defendant is resistant to producing easily attainable documents that will prove, one way or the other, whether Richey fabricated the content of his grievance. Instead, Defendant wishes to prolong resolution of this case as he has done for over seven years by pursuing a wild goose chase that entails unlawful confiscation and publication of

Richey -- REPLY -- 1

Richey's private letter in violation of the Copyright Act, 17 USC 102 (a),[1] snooping on his private conversations with his wife, and seeking to waste more taxpayers' dollars as well as judicial time and resources to hold an evidentiary hearing that will be rendered moot if he simply produces the documents Richey has requested.

## 2. RICHEY'S REQUEST

It should not go beyond this Court's notice that Richey's very request for the production of documents that will emphatically prove whether the content of his grievance is true indicates that that the content in his grievance is true. If Richey had fabricated the content of his grievance, that he ill-advisedly baited Defendant to believe, he logically would not request production of documents that would reveal him to have lied.

---

[1] Defendant has previously argued that 17 USC 102 does not apply to letters, but under Title 17, Chapter 1, §102, V. Particular Copyrightable Works., A. Literary Works. 50. Letters, case annotations; "Private Letters are protected. Bartlett v. Crittenden (1849, CCD Ohio) 5 McLean 32, 2 F. Cas 967, No. 1076; Baker v. Libbie, 210 Mass 599, 97 NE 109 (1912) (As a general rule, publication of a letter may be restrained). 17 USC 102 (a); "Copyright protection subsists, in accordance with this title, in original works of authorship fixed in any tangible medium of expression... from which can be communicated directly... Works of authorship include the following categories: (1) Literary works." Literary works are defined, among other things, as "Letters." 17 USC 102 (a), (V)(A)(50).

### 3. DISCOVERY SHOULD BE EXTENDED

During the earlier period of discovery in this case many years ago, Richey had no need to request the documents Defendant should now produce because the content of Richey's grievance was never the scope of this case. The issue of this lawsuit had nothing to do with the extremely obese guard whom deprived Richey of yard, a shower, and clean underwear. "[T]he violation occurred when Dahne refused to allow the grievance to proceed through the administrative process after Richey did not rewrite it in a way that satisfied Dahne's sense of propriety." Richey v. Dahne, 733 Fed App'x 881, 883 (9th Cir. 2018).

Defendant's sole purpose in this matter is to villify Richey by marking him as having committed perjury. While such a scarlet letter cannot change any prior judgments in this case because it does not soil the scope of the issues, it is nonetheless a serious, and offensive, charge. This court should therefore ~~compel~~ extend discovery and compel Defendant to comply with Richey's request for production of documents. Defendant's resistance to providing said documents is, frankly, suspicious.

### 4. FRCP 37 (a) (1)

Defendant is being disengenuous in claiming Richey did not attempt to meet and confer regarding his discovery request. When Richey spoke to Defendant's counsel regarding the Status Report, the bulk of that conversation regarded Richey's desire to obtain the requested documents to prove the veracity of the content of his grievance. *Exhibit-1*

Indeed, Defendant's counsel admitted receiving Richey's motion requesting discovery but stated she had no intention to act on it unless compelled by this Court. Id.

## 5. CONCLUSION

If this Court intends on learning the truth, the only certain, factual way of attaining the truth is to compel Defendant to produce documents Richey requested that must be unredacted and not doctored. Defendant is prosecuting a false charge and ~~they~~ documents requested by Richey should be produced to prove his innocence of that charge.

Dated this 12th day of August, 2019

*Tom WS Richey* (signature)
TOM WS RICHEY

STATE OF WASHINGTON )
                    ) ss: DECLARATION OF THOMAS W.S. RICHEY
COUNTY OF SNOHOMISH )

I, Thomas Richey, over the age of 25, of sound mind and competent to testify herein, do state:

(1) I conferred with Defendant's Counsel, Haley Beach, during a discussion related to a Status Report. I mostly discussed my desire to obtain a photo montage of the guards who worked in the Stafford Creek Corrections Center (SCCC) Intensive Management Unit (IMU) in November 2011, and a copy of the behavioral logbook for that period.

(2) Haley Beach admitted receiving my discovery request but told me she had no intention of producing my requested documents unless compelled by the court. She made the comment that discovery had long passed.

I swear, under the penalty of perjury and under the laws of the United States, the foregoing is true and correct.

Dated this 12th day of August, 2019

*/s/ Tom W S Richey*
TOM W S Richey

EXHIBIT-1