## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
## AT TACOMA

| | |
|---|---|
| THOMAS W. S. RICHEY,<br><br>            Plaintiff,<br><br>    v.<br><br>D. DAHNE,<br><br>            Defendant. | CASE NO. C12-5060 BHS<br><br>ORDER SETTING HEARING AND DENYING PLAINTIFF'S MOTION TO STAY AND COMPEL |

This matter comes before the Court on Defendant D. Dahne's ("Dahne") status report, Dkt. 109, and Plaintiff Thomas Richey's ("Richey") motion to stay and to compel discovery, Dkt. 111.

On July 18, 2019, the Court granted Dahne's motion for relief from an order and/or motion for involuntary dismissal, concluded that an evidentiary hearing was necessary, and requested that the parties file a joint status report proposing a date for the hearing. Dkt. 108. On July 31, 2019, Dahne filed a status report stating that Richey failed to agree on any date for the hearing and proposed dates in the end of September or in October. Dkt. 109.

ORDER - 1

1 On August 1, 2019, Richey filed a motion to stay the hearing and requesting the Court to compel discovery. Dkt. 109. Richey contends that the issue necessitating the evidentiary hearing, which is whether he fabricated his grievance regarding an "obese Hispanic guard," may be easily resolved if Dahne simply produced evidence identifying which guards were working the day of the alleged confrontation. *Id.* While Richey's argument is somewhat persuasive, the fact that a certain guard was working does not necessarily resolve the issue of whether there was an actual confrontation between the guard and Richey. In other words, Richey may have still fabricated aspects of the grievance in order to manufacture a civil rights violation. Thus, the Court disagrees with Richey that employment records alone resolve the issue of fabrication.

 On August 6, 2019, Dahne responded arguing that neither a stay nor an order to compel is necessary. Dkt. 111. The Court agrees with both arguments. First, the Court will set a hearing for October 17, 2019, which seems to allow sufficient time to complete any outstanding discovery regarding evidence necessary for the hearing. Thus, a stay is not warranted. Second, Richey fails to show that Dahne has failed to adequately respond to any specific discovery request. Thus, an order to compel is not warranted.

 On August 15, 2019, Richey replied arguing that Dahne has failed to comply with his discovery request. Dkt. 116. Richey, however, fails to establish that the 30-day period to respond has lapsed necessitating an order to compel. Fed. R. Civ. P. 34(b)(2). If Dahne fails to adequately respond, then the parties shall meet and confer before the Court will entertain any motion on this issue. Fed. R. Civ. P. 37(a)(1).

1     In sum, the Court sets a hearing for October 17, 2019 and **DENIES** Richey's

2 motion to stay and to compel, Dkt. 111.

3     **IT IS SO ORDERED**.

4     Dated this 22nd day of August, 2019.

*[signature]*

BENJAMIN H. SETTLE
United States District Judge