Thomas Richey 929444
Washington State Reformatory
Po Box 777
Monroe WA 98272

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| THOMAS WS RICHEY<br><br>               Plaintiff<br><br>V<br><br>D. DAHNE,<br>               Defendant | NO. C12-5060 BHS<br><br>MOTION FOR RELIEF<br>OF JUDGMENT |

Plaintiff, Thomas Richey, pro-se, hereby submits this Motion for Relief from Judgment pursuant to FRCP 60 on the basis that this Court has erred in denying Richey's motion requesting stay of the evidentiary hearing because it neglected to address the full reasoning and justification for the stay. Simply put, this Court only considered and addressed half of Richey's argument, and the lesser of those arguments, that the Court admitted was "somewhat persuasive."

MOTION FOR RELIEF--RICHEY--1

## 1. BEHAVIOR LOGBOOK

As previously expressed, Richey primarily seeks a stay of proceedings to allow time for Defendant to produce a copy of the November 2011 Stafford Creek Corrections Center (SCCC) Intensive Management Unit (IMU) Behavior Logbook. As the name suggests, the IMU is intensive management. Staff are required to make daily entries into the Behavior Logbook regarding the behavior of the inmates confined there. Thus, this Logbook, by itself, will emphatically demonstrate the facts as written in Richey's grievance thereby ending any further enquiries or evidentiary hearing.

Richey would love nothing more than to experience a day trip to the outside world and the opportunity to thump Defendant's counsel as he has repeatedly done throughout the seven years this ridiculous case has dragged. However, given the direction this case has gone and some of the judgments or lack thereof[1] Richey believes he will not be afforded a fair hearing. Thus, it would simply be better if Defendant satisfies Richey's discovery requests for the SCCC IMU Behavior Logbooks so he may simply demonstrate by the "extremely obese" guard's own hand that she took Richey's yard and shower and why she did so. She was required to make such an entry. This whole Sideshow issue,

---

[1]. Richey filed a Motion to Suppress Evidence (his illegally obtained personal letter that was confiscated, violating 1st Amendment Freedom of Speech and the Copyright Act 17 USC 102(a)) that was never adjudged by this Court.

MOTION FOR RELIEF -- RICHEY -- 2

which is outside the scope of the issues upon which Richey sued, argued, and won, can be resolved in a week if Defendant simply produces the logbook. Defendant was and is certainly required to secure all evidence related to this case.

## 2. ERROR

This Court erred by failing to stay proceedings pending defendant's production of the SCCC IMU Behavioral Logbooks Richey has requested. Denying Richey a stay pending production of the Logbooks that will, one way or the other, prove whether or not Richey's grievance was fabricated, is denying him a fair opportunity to prove the veracity of the contents of the grievance. Simply put, there will be no evidentiary hearing in this case if the Defendant produces the Behavior Logbooks.

Again, this Court should consider this issue and order a stay until Defendant produces the Behavior Logbook. Richey is prepared and willing to stand on the entries in the Logbooks. If no behavior entry is noted of his yard and shower being taken, Richey will immediately file a Motion to withdraw and give up this case, and essentially get nothing out of seven years hard work of successfully prosecuting the case; this is how confident he is as it regards the Behavior Logbooks. The entries will disclose the truth. Why this Court would avoid the potential of learning the truth in such a cheap, easy manner is a question only this Court can answer.

MOTION FOR RELIEF- RICHEY-- 3

### 3. CONCLUSION

For all of the foregoing reasons, this Court should stay an evidentiary hearing pending the production by the Defendant of the requested Behavioral Logbooks.

Dated this 25th day of August, 2019

*[signature]*

TOM WS RICHEY

MOTION FOR RELIEF -- RICHEY -- 4