Tom Richey #929444
Washington State Reformatory
PO Box 777
Monroe WA 98272

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| THOMAS W S RICHEY, <br><br> Plaintiff, <br><br> v. <br><br> D. DAHNE, <br><br> Defendant. | NO. C12-5060 BHS <br><br> MOTION REQUESTING JUDGMENT ON MOTION TO SUPPRESS EVIDENCE AND REQUEST FOR EVIDENTIARY HEARING |

Plaintiff, Thomas W S Richey, pro-se, hereby submits this motion requesting this court to render Judgment on his properly filed motion for suppression of evidence.

### 1. DISCUSSION

Richey filed a motion to suppress evidence, namely his private Letter to his wife that the prison mailroom and other officials confiscated in violation of the First Amendment. This Letter was never mailed to its intended recipient, Kat Richey. In addition, Defendant

MOTION -- RICHEY -- 1

Dahne has violated the Copyright Act, 17 USC 102(a) by reproducing and publishing Richey's private letter as an exhibit in this public Court forum. Under 17 USC 102(a)(v)(A), (50), private letters are protected under the Copyright Act.

Before any evidentiary hearing be held on the basis of the substance of a letter Richey wrote, this Court should first and foremost determine whether the evidence, Richey's confiscated letter, was obtained legally in light of its confiscation violating the First Amendment and the Copyright Act. This Court is placing the cart before the horse by holding a hearing based on potentially illegally seized evidence.

This Court should therefore either enter a judgment on Richey's previous motion to suppress evidence or hold an evidentiary hearing to enquire whether a warrant by defendant was obtained to seize Richey's letter, and to explain why people outside the prison mailroom, like Jack Turner, could access Richey's confiscated letter and distribute it to external DOC sources. While defendant, among others, may be cavalier in abiding by proper and lawful procedures, this Court should not be. Richey's letter was clearly obtained and distributed in violation of Richey's First Amendment

MOTION — RICHEY — 2

to send mail as well as violating the federal Copyright Act. This evidence is tainted.

This issue should be resolved by a Judgment so Richey has the right to appeal any disagreeable decision rendered, or this Court should hold an evidentiary hearing regarding whether the actions of confiscation and distribution and publication result in legally obtained evidence.

Dated this 27th day of August, 2019

S. *[signature]*
Tom WS Richey

MOTION -- RICHEY -- 3