UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| THOMAS W.S. RICHEY,<br><br>        Plaintiff,<br><br>  v.<br><br>D. DAHNE,<br><br>        Defendant. | CASE NO. C12-5060 BHS<br><br>ORDER ON VARIOUS MOTIONS |

This matter comes before the Court on Defendant D. Dahne's ("Dahne") motion for a court order allowing submission of the contents of Plaintiff's recorded phone conversations, Dkt. 101, and Plaintiff Thomas Richey's ("Richey") motion to amend, Dkt. 103, motion to suppress, Dkt. 104, and motion for notice of adjudicative fact, Dkt. 112.

**A.    Phone Calls**

On June 21, 2019, Dahne filed a motion to submit allegedly relevant transcripts of Richey's phone calls with his wife. Dkt. 101. On July 3, 2019, Richey responded. Dkt. 102. On July 12, 2019, Dahne replied. Dkt. 105.

1       "The contents of any intercepted and recorded conversation shall be divulged . . . in response to a court order . . . ." RCW 9.73.095(3)(b). In this case, the Court finds that Richey's phone calls with his wife are relevant to an issue in this matter and that issue was raised by Richey himself. Specifically, Richey asserted that his wife told him in a phone call that she was not receiving his letters. Richey claims that he then baited the mail room employees with his statement in a letter that he fabricated portions of the original grievance in this case. Under those facts, the Court finds that Richey's phone calls with his wife around the time-period in question may be submitted to the Court. Therefore, the Court grants Dahne's motion to submit transcripts of these calls.[1]

In order to preserve any private information in those calls, Dahne shall provisionally file the transcripts under seal and file a motion to seal. *See* Local Rules W.D. Wash. LCR 5(g). Richey may respond to that motion with support for the need to seal all or any portion of the transcripts.

**B.  Motion to Amend**

On July 3, 2019, Richey filed a motion to amend his complaint to add claims stemming from the mail room staff opening, reviewing, and confiscating his mail and opposing counsel's actions in filing Richey's letters in this case. Dkt. 103. On July 15, 2019, Dahne responded. Dkt. 106.

---

[1] The Court notes that this ruling only applies to the relevance of the evidence. If Dahne intends to submit this evidence at the hearing, he must lay the proper foundation and establish the authenticity of the evidence.

In this case, Richey's motion fails for procedural and substantive reasons. First, Richey failed to provide the Court with a copy of his proposed amended complaint. *See* Local Rules W.D. Wash. LCR 15 ("A party who moves for leave to amend a pleading, or who seeks to amend a pleading by stipulation and order, must attach a copy of the proposed amended pleading as an exhibit to the motion or stipulation."). This is sufficient reason alone to deny the motion.

Second, as to the merits, the Court agrees with Dahne that he would be unduly prejudiced if Richey was allowed to amend his complaint to add claims that are separate and distinct from Richey's claim against Dahne. Richey seeks to add claims against officers from a different institution on an entirely different subject matter. In such a situation, the Court agrees with Dahne that a separate action would need to be filed to bring these proposed claims. Therefore, the Court denies Richey's motion to amend.

**C.     Suppress Evidence**

On July 3, 2019, Richey filed a motion to suppress evidence. Dkt. 104. Richey argues that the Court should suppress Richey's letter to his wife because it was unlawfully obtained. *Id.* On July 15, 2019, Dahne responded arguing that Richey failed to support his motion with any relevant legal citation and is otherwise meritless. Dkt. 107. The Court agrees with Dahne on the first issue, which is dispositive. Therefore, the Court denies Richey's motion without prejudice because Richey may move to exclude evidence at the hearing provided he supports the motion with relevant legal authority.

**D.   Adjudicative Fact**

On August 1, 2019, Richey filed a motion for notice of adjudicative fact consisting of six true or false questions with room for an explanation if any.  Dkt. 112.  On August 7, 2019, Dahne responded arguing that the Court should deny the motion because it does not request that the Court take judicial notice of any actual fact.  Dkt. 114.  The Court agrees with Defendants and declines to answer Richey's questions.  Therefore, the Court **DENIES** Richey's motion.

## II.   ORDER

Therefore, it is hereby **ORDERED** that Dahne's motion for a court order allowing submission of the contents of Plaintiff's recorded phone conversations, Dkt. 101, is **GRANTED** as stated herein and Richey's motion to amend, Dkt. 103, motion to suppress, Dkt. 104, and motion for notice of adjudicative fact, Dkt. 112 are **DENIED**.

Dated this 12th day of September, 2019.

BENJAMIN H. SETTLE  
United States District Judge