UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| THOMAS W.S. RICHEY, | CASE NO. C12-5060 BHS |
|---|---|
| Plaintiff, | ORDER GRANTING DEFENDANT'S MOTION TO QUASH AND DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL AND MOTION TO SUSPEND HEARING AND AWARD SANCTIONS |
| v. | |
| D. DAHNE, | |
| Defendant. | |

This matter comes before the Court on Defendant D. Dahne's ("Dahne") motion to quash subpoenas, Dkt. 144, and Plaintiff Thomas W.S. Richey's ("Richey") motion to appoint counsel, Dkt. 145, and motion seeking suspension of evidentiary hearing and request for sanctions, Dkt. 146.

On December 11, 2019, Dahne filed a motion to quash subpoenas Richey had served requesting witnesses to testify at depositions. Dkt. 144. Dahne argues that the Court should quash the subpoenas because they do not allow a reasonable time to comply, require an individual to comply beyond the geographic limitations, and subject the witnesses to undue burden. *Id.* On December 20, 2019, Richey responded and

conceded that the subpoenas "have deficiencies." Dkt. 145 at 1. The Court agrees and therefore **GRANTS** Dahne's motion to quash.

Richey also moved for appointment of counsel. *Id.* The Court **DENIES** the motion because Richey has failed to show an extraordinary circumstance that requires the assistance of counsel.

In the alternative, Richey requests that the Court allow him to depose the witnesses in an appropriate manner. *Id.* at 2. At this point, the record does not reflect Dahne or the State's unwillingness to work with Richey to accommodate either video depositions or some other form of discovery, such as requests for admissions, so that Richey may obtain the evidence he is seeking. Absent such refusal to comply with Richey's *reasonable* requests, the Court declines to intervene in something that the parties should be able to accomplish themselves.

Finally, on December 20, 2019, Richey filed a motion requesting suspension of the evidentiary hearing and sanctions for spoliation of evidence. Dkt. 146. On January 3, 2020, Dahne responded. Dkt. 148. On January 14, 2020, Richey replied. Dkt. 150.

Regarding the evidentiary hearing, Richey argues that he has submitted sufficient evidence to establish that the hearing is no longer necessary. Dkt. 146. The Court disagrees. Richey's evidence does not establish as a matter of undisputable fact that the allegations he wrote in the relevant grievance were true as opposed to a fabrication to initiate litigation. Therefore, the Court **DENIES** the request to suspend the hearing.

Regarding sanctions, Dahne contends that he did not spoil or withhold evidence regarding the actual incident Richey wrote about in the grievance. Dkt. 148. Instead,

Dahne contends that these facts became relevant when Richey told his wife that he fabricated the substance of the grievance. *Id.* The Court agrees. Therefore, the Court **DENIES** Richey's motion for sanctions.

In sum, the Court grants Dahne's motion, Dkt. 144, and denies Richey's motions, Dkts. 145, 146.

**IT IS SO ORDERED**.

Dated this 27th day of January, 2020.

BENJAMIN H. SETTLE
United States District Judge