UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| THOMAS W.S. RICHEY,<br><br>              Plaintiff,<br><br>   v.<br><br>D. DAHNE,<br><br>              Defendant. | CASE NO. C12-5060 BHS<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO VOLUNTARILY DISMISS |

This matter comes before the Court on Plaintiff Thomas W.S. Richey's ("Richey") motion to voluntarily dismiss. Dkt. 155.

On February 11, 2020, Richey filed the instant motion requesting that the Court allow him to end this case with a voluntary dismissal. *Id.* Richey fails to clarify whether he seeks dismissal with or without prejudice. On March 2, 2020, Defendant D. Dahne ("Dahne") responded arguing that the Court should deny the motion or, in the alternative, order Richey to pay costs as conditions of dismissal. Dkt. 161. Richey did not reply.

A Rule 41(a)(2) motion is addressed to the sound discretion of the district court. *See Hamilton v. Firestone Tire & Rubber Co., Inc.*, 679 F.2d 143, 145 (9th Cir. 1982); *Sams v. Beech Aircraft Corp.*, 625 F.2d 273, 277 (9th Cir. 1980). "The purpose of the

rule is to permit a plaintiff to dismiss an action without prejudice so long as the defendant will not be prejudiced or unfairly affected by dismissal." *Stevedoring Serv's of Am. v. Armilla Int'l B.V.*, 889 F.2d 919, 921 (9th Cir. 1989); *Hamilton*, 679 F.2d at 145 ("In ruling on a motion for voluntary dismissal, the District Court must consider whether the defendant will suffer some plain legal prejudice as a result of the dismissal. Plain legal prejudice, however, does not result simply when defendant faces the prospect of a second lawsuit or when plaintiff merely gains some tactical advantage").

In this case, Dahne requests that the Court either deny the motion and rule on the pending motions or, in the alternative, order Richey to pay Dahne's costs and attorney's fees. Dkt. 161. First, Dahne argues that there is sufficient evidence in the record to rule on the issue of whether Richey committed fraud on the Court by allegedly fabricating the grievance that initiated this action. *Id.* at 6–7. The Court disagrees because Richey has submitted sufficient evidence to establish questions of fact that can only be resolved with a formal hearing.[1] Dahne has failed to establish any plain legal prejudice if the Court denies his motions on this issue as moot. Moreover, Dahne has failed to persuade the Court that it is necessary to use its limited resources to conduct such a hearing and further consider the merits of the issue. This is especially so during the current global pandemic

---

[1] Although the weight of the evidence suggests that Richey committed perjury, Dahne bears the burden of establishing fraud "by clear and convincing evidence." *England v. Doyle*, 281 F.2d 304, 310 (9th Cir. 1960). The Court declines to enter a finding of clear and convincing evidence without a full hearing on the conflicting evidence in the record. Even then, Richey's alleged perjury does not necessarily lead to the conclusion that Richey committed fraud on the Court. *See, e.g.*, *In re Levander*, 180 F.3d 1114, 1119 (9th Cir. 1999) ("perjury by a party or witness, by itself, is not normally fraud on the court.").

when all non-emergency hearings have been indefinitely suspended.  Thus, the Court will grant Richey's motion.

Second, Dahne requests that the Court order Richey to pay Dahne's costs and attorney's fees as a condition of dismissal.  Dkt. 161 at 9.  Although Richey fails to clarify whether he is seeking dismissal with or without prejudice, the resolution of this issue seems irrelevant because the three-year statute of limitations has passed.  In other words, a dismissal without prejudice is essentially one with prejudice because Richey would be time-barred from pursuing this claim on this grievance in a second suit.  Thus, Dahne has effectively won on the merits and there is no reason to punish a pro se prisoner with a payment of fees or costs.

Accordingly, the Court **GRANTS** Richey's motion to voluntarily dismiss, Dkt. 155.  The Clerk shall close this case.

Dated this 10th day of April, 2020.

BENJAMIN H. SETTLE
United States District Judge